```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
              Plaintiff,       §
                               § Criminal No. 3:09-CR-095-D
VS.                            §
                               §
TERRELL LAMAR MILAN,           §
                               §
              Defendant.       §
```

                        MEMORANDUM OPINION
                           AND ORDER

Defendant Terrell Lamar Milan ("Milan"), charged with possession of a firearm by a prohibited person under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), moves to suppress all evidence—including a firearm and ammunition—seized during a warrantless search conducted following a traffic stop, and his statements that are fruit of the seizure. Milan maintains that, under the Supreme Court's recent decision in *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710 (2009), the search violated his Fourth Amendment rights. Following an evidentiary hearing, and for the reasons that follow,[1] the court denies the motion.

                                I

On October 15, 2008 City of Dallas police officers Glenn and Ferguson effected a traffic stop of Milan's vehicle after they observed him driving without a front license plate, in violation of

---

[1] Pursuant to Fed. R. Crim. P. 12(d), the court sets forth in this memorandum opinion and order its essential findings.

Texas law.² As Officer Glenn approached Milan's car, Milan rolled down the driver side window, and Officer Glenn smelled the odor of burnt marihuana coming from the vehicle. Officer Ferguson approached the passenger side, observed marihuana and smashed up crack rock in the ashtray, and informed Officer Glenn. Officer Glenn then ordered Milan to exit the vehicle and stand near the rear while the officers searched the interior. Officer Glenn used a field test kit to confirm that one substance was cocaine. He arrested Milan for cocaine possession, placed him in handcuffs, and set him on the ground at the rear of the car. There was no danger that Milan could return to the car and reach any evidence located there.

Based on the odor of marihuana coming from the vehicle, Officer Ferguson then conducted a warrantless search of the interior looking for drugs.³ On the basis of his six years of experience as a police officer making traffic stops, and on the basis of his knowledge of the type of Cadillac Milan was driving, Officer Glenn believed he would find additional drugs. This type

---

²Milan does not contend that the traffic stop itself was invalid.

³Although Milan pointed during cross-examination to a passage in the arrest report that indicates the officers conducted a search incident to an arrest, the court finds credible Officer Glenn's explanation that this standard phrase was generated by the computer and is used to obtain an arrest warrant, that he did not type this phrase, and that the instant search was based on the marihuana odor rather than incident to Milan's arrest.

of Cadillac has a unique feature: a light panel located to the left of the steering wheel that is known to have a cavity behind the panel that is used to hide contraband such as drugs and guns. Officer Ferguson, who was unaware of this feature of the Cadillac, had not looked in this cavity during her search, so Officer Glenn did. He observed that the panel was loose already. When he pulled it out, he could see the handle of a gun. The Bryco, Model Jennings Nine, 9mm pistol that was seized during this search is the basis for the instant indictment.

Milan moves to suppress this evidence, contending that the officers conducted an unconstitutional warrantless search incident to an arrest, in violation of his Fourth Amendment rights. The government responds that the search was valid because it was based on probable cause to believe the vehicle contained contraband and on an inventory search conducted after a lawful arrest.[4]

II

A

The general rule under the Fourth Amendment is that searches of private property are unreasonable unless they are conducted pursuant to a warrant issued upon probable cause or fall within one of the limited exceptions to the warrant requirement. *See, e.g.*, *Katz v. United States*, 389 U.S. 347, 357 (1967). Police may

---

[4]The court need not address the government's contention that the search was also constitutional as a valid inventory search.

lawfully conduct a warrantless search of a vehicle if they have probable cause to believe the vehicle is transporting contraband. *See, e.g., United States v. Ross*, 456 U.S. 798, 823 (1982) ("[A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband.").

> The Fourth Amendment generally requires police to secure a warrant before conducting a search. As we recognized nearly 75 years ago, there is an exception to this requirement for searches of vehicles. . . . [I]n cases where there was probable cause to search a vehicle a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained. . . . If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more.

*Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999) (per curiam) (first and second ellipses and brackets added; citations, quotation marks, and other ellipis omitted). "The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause." *Ross*, 456 U.S. at 823. Therefore, "every part of a vehicle which may conceal the object of the search may be searched." *United States v. Zucco*, 71 F.3d 188, 191-92 (5th Cir. 1995).

"A defendant normally bears the burden of proving by a preponderance of the evidence that the challenged search or seizure

- 4 -

was unconstitutional." *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005) (citing *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001)). "However, where a police officer acts without a warrant, the government bears the burden of proving that the search was valid." *Id.* (citing *United States v. Castro*, 166 F.3d 728, 733 n.7 (5th Cir. 1999) (en banc)); *see also United States v. Riley*, 968 F.2d 422, 424-25 (5th Cir. 1992) (addressing warrantless search of home) ("Because a warrantless search is presumed to be unreasonable, the Government has the burden of proving that the warrantless search was conducted pursuant to an exception.").

B

The government proved by a preponderance of the evidence that, based on the odor of marihuana coming from Milan's vehicle, and the observation of marihuana and cocaine in the vehicle, Officers Glenn and Ferguson had probable cause to search the vehicle for contraband, i.e., drugs. *See, e.g., United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989) (holding that the detection of the odor of marihuana justified "a search of the entire vehicle."). "Probable cause to search an automobile exists when 'trustworthy facts and circumstances within the officer's personal knowledge would cause a reasonably prudent man to believe that the vehicle contains contraband.'" *United States v. Cooper*, 949 F.2d 737, 745 (5th Cir. 1991) (quoting *United States v. Shaw*, 701 F.2d 367, 376

(5th Cir. 1983)).  The government made this showing through Officer Glenn's hearing testimony.  During Officer Glenn's search, he discovered the firearm and ammunition that Milan seeks to suppress.  The seizure of the firearm and ammunition was therefore lawful.

Milan's reliance on *Gant* is misplaced.  *Gant* addressed a search incident to an arrest.  *See Gant*, 129 S.Ct. at 1715 (noting that state trial court held that the search was permissible as search incident to arrest); *id.* at 1715-16 (noting that Arizona Supreme Court analyzed the case under the search-incident-to-arrest exception); *id.* at 1723 (holding that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.").  The Court held that the rationale of *Chimel v. California,* 395 U.S. 752 (1969), "authorizes police to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search."  *Id.* at 1719.  Unlike in *Gant*, in the instant case the search was conducted based on probable cause to believe that Milan's vehicle contained contraband (drugs), not as a search incident to an arrest.

Moreover, *Gant* recognizes the continued validity of *Ross*, noting that "[i]f there is probable cause to believe a vehicle

- 6 -

contains evidence of criminal activity, [*Ross*] authorizes a search of any area of the vehicle in which the evidence might be found." (citing *Ross*, 456 U.S. at 820-21).  *Id.* at 1721.  The Court confirmed that "*Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader."  *Id.*[5]

Accordingly, the government has established that the search was conducted under a lawful exception to the Fourth Amendment warrant requirement.

*   *   *

Milan's August 3, 2009 motion to suppress evidence is denied.

**SO ORDERED.**

September 15, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[5]*Gant* also holds "that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Gant*, 129 S.Ct. at 1719 (quoting *Thornton v. United States*, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)). Although the court need not rely on this ground in denying Milan's motion, the court holds that the government proved that it was reasonable for Officer Glenn to believe that evidence relevant to Milan's arrest for cocaine possession might be found during the search of his vehicle.